JANVIER, Judge.
Plaintiff corporation operates a motor truck line for transportation in interstate and intrastate commerce of merchandise of various kinds. Defendant corporation operates a cold storage plant in New Orleans.
Plaintiff, having accepted from a shipper in Houston, Texas, a shipment of frozen waffles for delivery to a designated cold storage plant in New Orleans and apparently having delayed delivery until after 12 o’clock noon on a Saturday and, finding that the designated cold storage plant had closed at noon, found it necessary to store the said waffles in another cold, storage plant until delivery could be made on the following Monday or Tuesday.
The said waffles were stored on Saturday afternoon with the defendant corporation and when the waffles were removed .from the plant of the defendant they were refused by the original consignee because the cardboard or corrugated board containers in which the waffles were packed were found to be contaminated by. the odor of shrimp or lobster or fish which had been stored alongside the waffles in the cold storage compartment of the defendant corporation. There is an unimportant dispute as to whether the delivery was made on Monday or Tuesday. It was necessary for the plaintiff corporation to have the waffles repacked before delivery would be accepted by the original consignee.
This suit has as its object the recovery by the plaintiff transportation line of the cost of repacking the waffles and the cost of the additional storage which resulted while the waffles were being repacked. The cost of repacking is shown to have been $385.62 and the cost of the additional storage is shown to have been $91.90, making a total of $477.52, which is the amount for which this suit is brought.
In Article 7 of the petition the amount of the additional storage is incorrectly shown as $43.60, whereas the total amount sued for shows that the additional cost of storage was $91.90.
*710 The defendant cold storage plant denied liability, contending that when it accepted the waffles for storage, it did so under the plea of plaintiff that it could find no other plant which was open at that time on Saturday and that it, the defendant, accepted the goods for storage only after it had warned the representative of the plaintiff corporation that it, the defendant, was engaged in the storage of seafood and that there was danger that the waffles might be contaminated by the odor of seafood and that the representative of plaintiff was fully aware of this when the waffles were delivered to defendant for storage.
There was judgment for plaintiff as prayed for and defendant has appealed.
The evidence convinces us as it must have convinced the District Judge that when the representative of the plaintiff corporation tendered the waffles to defendant for storage, he was not told that it would be necessary that they be stored in the same compartment with seafood and did not know that they would be stored in a compartment in which there were some 10,000 pounds of lobster and about 870 pounds of fish.
Not only do we believe the testimony of plaintiff’s witnesses, but we find it most remarkable that those in charge of the defendant’s plant, knowing that the containers of the waffles might become contaminated by the odor of fish and lobster, did not in a written exception in the warehouse receipt call attention to the fact that the waffles would be stored in the same compartment.
In the receipt which was given there were certain notations. For instance, it was stated that some of the cartons were torn and pushed in and it was also stated that the waffles had arrived in a truck which was not refrigerated. The fact that some of the cartons were torn is not complained of, nor is there any contention that the waffles were damaged as a result of arriving in a non-refrigerated truck.
The most important notation that should have been made on the receipt would have directed attention to the danger of odor contamination as the result of storage alongside the fish and lobsters.
Mr. Grosz, who seems to have been the principal owner and directing head of the defendant storage company, said that he himself often stored meat and poultry and waffles in the plant, and that none of them were contaminated by fish odors, yet he stated that it was the custom of his employees to notify those who might store other things in the cold storage plant that there was danger of contamination.
If, then, as he admits and as is otherwise shown, there was danger of such contamination, and if there was no other compartment in which the waffles could be stored, the representative of plaintiff should have been so advised, and to make assurance doubly sure there should have been a notation in the receipt which was issued to plaintiff. Our conclusion is that at no time was the representative of the plaintiff corporation warned of the danger of contamination. It is the duty of a storage company such as this, knowing of the danger of contamination, to warn those who might store merchandise that it would be stored alongside fish and lobsters and that it might thus be contaminated by those seafood odors.
Counsel for defendant direct attention to section 21 of Title 54 of the Louisiana Statutes Annotated—Revised Statutes, Warehouses and Warehouse Receipts, reading as follows:
“A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care.”
Counsel point to the words, “in the absence of an agreement to the contrary.” As we have already stated, we find that there was no agreement to the contrary, *711 and that, therefore, since the warehouseman did not exercise such care “as a reasonably careful owner of similar goods would exercise,” liability has resulted.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.